JOHN P. MULLANEY *vs.* ANTHONY VIOLA.

MARCH 11, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. This is an action of trespass on the case for negligence brought to recover damages to property and for personal injuries allegedly resulting from the negligent operation of the defendant's car by his spouse. It was tried to a superior court justice, sitting without a jury, and resulted in a decision for the defendant. The case is before us on the plaintiff's bill of exceptions, the sole exception being to the decision.

The evidence discloses that at or about ten minutes before noon, on December 15, 1961, plaintiff was operating a 1959 Ford station wagon in a southerly direction on Atwells avenue in the city of Providence, intending to drive down Empire street. He testified that as he entered LaSalle square at a point where traffic from Broadway and Atwells avenues merges, he brought his vehicle to a stop for about a minute to permit cars coming down Broadway to pass in front of him through the square; and that while thus stopped a 1957 white Mercury convertible, also entering the square from Broadway, struck his right front bumper with its left rear fender. This car, operated by a woman and registered to defendant, proceeded through the square to Fountain street where it stopped. It is not disputed that she then alighted, inspected her damage, looked around, and seeing no one with whom she apparently collided, returned to her car and proceeded down Fountain street.

The plaintiff, who after the collision had driven to Empire street where he parked, was walking toward the operator of the Mercury when she, not seeing or hearing him, drove away. He then went to the Providence police station which was nearby and reported the accident.

Sergeant William J. Dorgan testified that he recalled plaintiff reporting the accident, and further stated that plaintiff had told him that at the time of the collision he

was slowing down and traveling no more than ten to fifteen miles an hour.

The operator of the Mercury, Alice Viola, testified that she entered the square at a moderate rate of speed and felt a jolt in the rear, but did not notice which car struck her. Traffic was heavy and so she drove through the square to Fountain street where she was headed at the time of the collision. The damage to her car, she testified, consisted of a dent, described by a garageman as about the size of a "football" which was located in the rear left fender, close to the bumper.

Mrs. Mullaney, a front seat passenger in her husband's car, corroborated his testimony in substantially every detail. She also testified to the sound condition of his health before the accident and corroborated his testimony as to the injuries sustained.

Although two doctors, one of whom treated plaintiff for some four months after the accident, testified in some detail, it is not necessary to review their testimony in the view we take of the trial justice's decision.

He reviewed the evidence as established by the testimony bearing on liability and found that although Mrs. Viola was negligent, plaintiff had failed to prove by a fair preponderance of the evidence that he exercised due care. He stated that he found plaintiff's testimony as to having been in a stopped position for a full minute as not credible. It is clear that he believed Sergeant Dorgan's recollection that on the day of the accident plaintiff had offered the information that he was moving at the time the collision occurred. The trial justice concluded from all the evidence that plaintiff by his own negligence had placed himself in a position of peril.

Few principles of law are more firmly established in this jurisdiction than that the findings of a trial justice, sitting without a jury, are entitled to great weight and will not be

disturbed unless clearly wrong. *Levy* v. *Equitable Fire & Marine Ins. Co.,* 88 R. I. 252; *Pettella* v. *Carreirero,* 72 R. I. 439; *New England Box & Barrel Co.* v. *Travelers Fire Ins. Co.,* 63 R. I. 315.

The plaintiff, however, contends that the findings in the case at bar are not entitled to great weight for the reason that the trial justice misconceived and overlooked material evidence. Relying heavily on the testimony of the plaintiff and his wife while at the same time suggesting that Sergeant Dorgan's recollection related to the speed plaintiff was traveling before he stopped, the plaintiff advances what he considers to be a more reasonable explanation of the collision than that on which the trial justice based his decision. No good purpose would be served in spelling out the plaintiff's conception of the incident. Suffice it to observe that viewed in the light he sees it, the plaintiff's suggested version is plausible and even reasonable. It is not, however, in our judgment, so persuasive as to render the conclusion of the trial justice so erroneous as to be clearly wrong.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Bernard C. Gladstone,* for plaintiff.

*Boss, Conlan, Keenan, Bulman & Rice, James M. Shannahan,* for defendant.